B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Karen Aneiro<br>Robert Hale | **DEFENDANTS**<br>Gregory J. Peak<br>Robin B. Mountjoy-Peak |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Ronald A. Page, Jr.<br>Ronald Page, PLC<br>P.O. Box 73087<br>N. Chesterfield, VA 23235-8042<br>(804) 562-8704 Fax: (804) 482-2427 | **ATTORNEYS** (If Known)<br>Michael D Hart, Esq.<br>Michael D. Hart, P.C.<br>PO Box 622<br>Roanoke, VA 24004 |
| **PARTY** (Check One Box Only)<br>[ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[X] Creditor  [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[X] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
- [ ] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [X] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
- [ ] 71-Injunctive relief - imposition of stay
- [ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $**16,500 plus interest at the rate of 6 percent** |
| Other Relief Sought: **Denial of discharge as to debt in the amount of $16,500 plus interest at the rate of 6 percent** | |

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>Gregory J. Peak<br>Robin B. Mountjoy-Peak | | BANKRUPTCY CASE NO.<br>23-30004-KRH |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Virginia | DIVISION OFFICE<br>Richmond | NAME OF JUDGE<br>Huennekens |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Ronald A. Page, Jr.<br>Ronald A. Page, Jr. | | |
| DATE<br>March 29, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ronald A. Page, Jr. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: | |
| GREGORY J. PEAK AND<br>ROBIN B. MOUNTJOY-PEAK | Chapter 7<br>Case No. 23-30004-KRH |
| Debtor | |
| KAREN ANEIRO AND ROBERT HALE | Adversary Proceeding<br>Case No. |
| Plaintiffs | |
| v. | |
| GREGORY J. PEAK AND<br>ROBIN B. MOUNTJOY-PEAK | |
| Defendants | |

## **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS**

COMES NOW Plaintiffs, Karen Aneiro and Robert Hale ("Plaintiffs"), by and through their counsel, and for their Complaint allege as follows:

1.   Plaintiffs are husband and wife and reside in New Kent County, Virginia.

2.   Gregory J. Peak and Robin B. Mountjoy-Peak ("Debtor Defendants") are husband and wife and currently reside in Hanover County, Virginia.

3.   Debtor Defendants operated Greg Peak Performance Horses, LLC ("GPPH"), a Virginia Limited Liability Corporation with its principal place of business in Louisa County, Virginia.

4.   This adversary proceeding is being brought in connection with Debtor Defendants' case numbered 23-30004-KRH now pending in this Court. This Court has jurisdiction over this

1

adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 523 and 727. This is a core proceeding under 28 U.S.C. § 157.

5. In October 2013, Plaintiffs purchased a farm in Gloucester, Virginia called Havers' Hall Farm ("Havers' Hall"). The purpose of the purchase of the farm was to allow Debtor Defendants and GPPH to move to the farm and to purchase the farm over a 15-year period.

6. Included with the purchase of Havers' Hall was certain farm equipment including a Massey Ferguson MF165 Tractor valued at $4,000, a landscape rake valued at $500, and a Woods 5 ft. finishing mower deck valued at $1,000. At Gregory Peak's request, Plaintiffs also purchased a manure spreader to be used at the farm valued at $2,000. The tractor, mower deck, manure spreader and landscape rake were subsequently sold by Debtor Defendants for $4,050. All these pieces of equipment (the "Equipment") were the property of Plaintiffs.

7. Without Plaintiffs' knowledge, Debtor Defendants wrongfully sold the Equipment at a fraction of its market value and kept the proceeds of the sale, $4,050.00.

8. On February 19, 2016, Plaintiffs filed a Complaint, identified as Case No. CL16000048-00, in Louisa County Circuit Court against Gregory J. Peak, Robin B. Mountjoy-Peak, and GPPH alleging breach of contract and conversion. A true copy of the Complaint is attached hereto as **Exhibit A**.

9. Judgment was entered in favor of Plaintiffs against Gregory J. Peak, Robin B. Mountjoy-Peak, and GPPH, jointly and severally, in Louisa County Circuit Court on February 3, 2017 in the amount of $33,320.33, with interest at the rate of six (6) percent per annum from the date of judgment ("Judgment One"). A true copy of Judgment One is attached hereto as **Exhibit B**. A second judgment was entered in favor of Plaintiffs against Gregory J. Peak, Robin B. Mountjoy-Peak, and GPPH, jointly and severally, in Louisa County Circuit Court on February 21,

2017 in the amount of $6,500.00, with interest at the rate of six (6) percent per annum from the date of judgment, plus punitive damages of $10,000.00 ("Judgment Two"). A true copy of Judgment Two is attached hereto as **Exhibit C**.

## COUNT ONE

10. Plaintiffs repeat and realleges each and every allegation and/or statement contained in the paragraphs numbered 1 through 9.

11. Debtor Defendants interfered with Plaintiffs' ownership of the Equipment by selling it at a fraction of its true value to third persons without their knowledge or consent.

12. Despite repeated demands, Debtor Defendants refused to remit the proceeds of the sale of the Equipment or its fair market value to Plaintiffs.

13. Debtor Defendants did, willfully, maliciously, intentionally, recklessly, and physically, take, convert, and steal for their benefit, or the benefit of others, the proceeds of the sale of the Equipment or its fair market value.

14. Based upon the foregoing acts of conversion, Plaintiffs demand, pursuant to 11 U.S.C. § 523(a)(6), monetary damages in the amount of $6,500.00 with interest at the rate of six (6) percent per annum from the date of judgment, plus punitive damages of $10,000.00, and that the debt be deemed nondischargeable.

**WHEREFORE,** Plaintiffs respectfully request that the debt related to Judgment Two in the amount of $6,500.00 with interest at the rate of six (6) percent per annum from the date of judgment, plus punitive damages of $10,000.00 be deemed nondischargeable; that the Court render judgment against Debtor Defendants personally, on all causes of action, for the amount of the debt related to Judgment Two; and that Plaintiffs be granted such further relief as the Court may deem just and proper.

Dated: March 29, 2023          Respectfully Submitted,

**KAREN ANEIRO AND ROBERT HALE**

By    /s/ Ronald A. Page, Jr.
_____
       Counsel

Ronald A. Page, Jr.
Virginia State Bar #71343
Ronald Page, PLC
P.O. Box 73087
N. Chesterfield, Virginia 23235
Ph:  (804) 562-8704
Fax: (804) 482-2427
E-mail: rpage@rpagelaw.com
Web Site: www. rpagelaw.com

*Counsel for Karen Aneiro and Robert Hale*

4

**VIRGINIA:**

IN THE CIRCUIT COURT OF THE COUNTY OF LOUISA

KAREN ANEIRO

and

ROBERT HALE,

        Plaintiffs,

v.                                                                                 Case No. CL16-_____

**GREG PEAK**
6668 Havers Hall Road
Gloucester, VA 23061

and

**ROBIN MOUNTJOY PEAK**
6668 Havers Hall Road
Gloucester, VA 23061

and

**GREG PEAK PERFORMANCE HORSES, LLC,**
a Virginia limited liability company,
c/o Robin B. Mountjoy, Registered Agent
6668 Havers Hall Road
Gloucester, VA 23061

        Defendants.

## COMPLAINT

COME NOW your Plaintiffs, Karen Aneiro and Robert Hale, by counsel, and for their Complaint against Defendants, Greg Peak, Robin Mountjoy, and Greg Peak Performance Horses, LLC, a Virginia limited liability company, respectfully say as follows:

## PARTIES & JURISDICTION

1. Plaintiffs Robert Hale ("Mr. Hale") and Karen Aneiro ("Ms. Aneiro") are husband and wife and reside in New Kent County, Virginia.

2. Defendants Greg Peak ("Defendant Peak") and Robin Mountjoy ("Defendant Mountjoy" also known as Robin Mountjoy Peak) are husband and wife and currently reside in Louisa County, Virginia.

3. Defendant Greg Peak Performance Horses, LLC ("GPPH") is a Virginia Limited Liability Corporation with its principle place of business in Louisa County, Virginia.

4. The defendants reside in Louisa County, Virginia. Therefore this Court has Jurisdiction over this matter.

## STATEMENT OF FACTS

5. Defendant Peak and Defendant Mountjoy are in the business of training horses. In 2011, Mr. Hale and Ms. Aneiro contracted with GPPH to train certain horses owned by Mr. Hale and Ms. Aneiro at a facility in Ashland, Virginia.

6. Defendant Peak, Defendant Mountjoy and GPPH (collectively, "the Defendants") have co-mingled funds and failed to follow all corporate formalities making it appropriate to hold each of them liable, jointly and severally, for the debts of the others.

7. At the facility in Ashland, Virginia, Defendant Peak and Defendant Mountjoy also trained and kept certain horses owned by one or both of them.

8. In June of 2013, several of Defendant Peak and/or Defendant Mountjoy's horses became infected with Potomac Horse Fever and required hospitalization, resulting in significant Veterinary bills totaling $21,313.48 for which Defendant Peak and/or Defendant Mountjoy were responsible.

9. Mr. Hale and Ms. Aneiro paid the bills on behalf of Defendant Peak and Defendant Mountjoy who promised to repay the amounts paid by Mr. Hale and Ms. Aneiro on their behalf. A copy of the payment is attached herein as Exhibit 1.

10. Despite repeated demands, Defendant Peak and Defendant Mountjoy have failed to re-pay Hale and Aneiro for the Veterinary bills paid on their behalf.

11. In October of 2013, Mr. Hale and Ms. Aneiro purchased a farm in Gloucester, Virginia called Havers' Hall Farm ("Havers' Hall"). The purpose of the purchase of the farm was to allow Defendant Peak, Defendant Mountjoy Peak, and GPPH to move to the farm and to purchase the farm over a 15 year period.

12. Mr. Hale and Ms. Aneiro made the initial down-payment on Havers' Hall and under the terms of the oral contract Defendant Peak and Defendant Mountjoy were responsible for making the monthly mortgage payments, taxes and insurance and an additional amount to pay down the down payment and improvements paid for by Mr. Hale and Ms. Aneiro.

13. Because Defendant Peak and Defendant Mountjoy had cash flow problems when moving and relocating their business, Mr. Hale and Ms. Aneiro pre-purchased $7,200 worth of hay for use by GPPH. This was delivered in several periodic loads to Havers' Hall. Defendants promise to reimburse Mr. Hale and Ms. Aneiro for the hay is attached herein as Exhibit 2.

14. Despite repeated demands for payment for the hay, Defendants have refused and continued to refuse to pay for the hay.

15. Included with the purchase of Havers' Hall was certain farm equipment including a Massey Ferguson MF165 Tractor valued at $4000, a landscape rake valued at $500, and a Woods 5 ft. finishing mower deck valued at $1000. At Defendant Peak's request, Mr. Hale and Ms. Aneiro also purchased a manure spreader to be used at the farm valued at $2000. The tractor, mower deck, manure spreader and landscape rake were subsequently sold by Defendants

for $4,050. All of these pieces of equipment ("the Equipment") were the property of Mr. Hale and Ms. Aneiro.

16. Without Mr. Hale and Ms. Aneiro's knowledge, Defendants wrongfully sold the equipment at a fraction of its market value and kept the proceeds of the sale, $4050.00. Mr. Hale and Ms. Aneiro have demanded that at a minimum, the proceeds of the sale of the Equipment be remitted to them. To date, Defendants have failed to remit the proceeds of the sale to Hale and Aneiro.

17. Mr. Hale and Ms. Aneiro had also contracted with GPPH to care for and train several of their horses at $800/month per horse. In 2015, these horses were housed on the Havers Hall property. A 30-day notice of cancellation was an element of this training agreement. Mr. Hale and Ms. Aneiro previously paid GPPH $2400 in advance for training of their horses.

18. In April 2015, verbal notice was provided by Mr. Hale to Defendant Peak regarding cessation of training of two of the four horses owned by Mr. Hale and Ms. Aneiro, fulfilling the 30 days notice. These two horses were to be removed from Havers' Hall prior to June 1, 2015. On May 24, 2015, with no notice, Defendant Mountjoy demanded the immediate removal of all four horses owned by Mr. Hale and Ms. Aneiro. Under duress, these horses were removed by Mr. Hale and Ms. Aneiro on May 26, 2015, prior to the end of the prepaid May training contract period. GPPH then failed to return the $2400 advance training payment.

19. GPPH further deducted a fee of $2500 from the Havers Hall June rent for "June training" for two horses that were removed at Defendant Peak and Defendant Mountjoy's demand before the end of May. Without prior agreement, GPPH also retroactively increased the training fee per horse from $800 to $1250 for June 2015. In lieu of a refund of prepaid training

fees and June rent ($2,606.85) for Havers' Hall, Defendant Mountjoy substituted a check of $106.85. This check has not been cashed.

### COUNT I – BREACH OF CONTRACT

20. Paragraphs 1-19 are incorporated as if fully set forth herein.

21. The Defendants promised to pay Mr. Hale and Ms. Aneiro for the Veterinary Bills paid on their behalf in the amount of $21,313.48.

22. The Defendants promised to repay Mr. Hale and Ms. Aneiro for the hay purchased on their behalf in the amount of $7,200.

23. The Defendants promises to pay in paragraphs 21 and 22 were memorialized in writing on August 1, 2013.

24. The Defendants wrongfully failed to refund the pre-paid horse training fees in the amount of $2,400.

25. The Defendants wrongfully failed to pay June rent in the amount of $2,606.85.

26. Mr. Hale and Ms. Aneiro have made numerous demands to be repaid, however no payments have been made by the Defendants.

27. Mr. Hale and Ms. Aneiro demand judgement in the amount of $33,320.33 from Defendants for Breach of Contract.

### COUNT II – CONVERSION

28. Paragraphs 1-27 are incorporated as if fully set forth herein.

29. At all times, the Equipment referenced in Paragraph 15 was the property of Mr. Hale and Ms. Aneiro.

30. The Defendants interfered with Mr. Hale and Ms. Aneiro's ownership of the Equipment by selling it at a fraction of its true value to third persons without their knowledge or consent.

31. Despite repeated demands, the Defendants refuse to remit the proceeds of the sale of the Equipment or its fair market value to Mr. Hale and Ms. Aneiro.

32. Defendants' conversion of Plaintiff's property was willful and done with malice or reckless disregard for the property interests of Plaintiffs.

33. Mr. Hale and Ms. Aneiro demand judgement of $7,500 in actual damages and $75,000 in punitive damages against Defendants for the Tort of Conversion.

WHEREFORE, Plaintiffs Robert Hale and Karen Aneiro demand judgement in the amount of $40,820.33 in actual damages and $75,000 in punitive damages plus their cost and attorney's fees expended herein, from the Defendants jointly and severally.

KAREN ANEIRO & ROBER HALE

By: _____
Of Counsel

Bruin S. Richardson, III, Esquire (VSB # 30206)
COATES & DAVENPORT, P.C.
5206 Markel Road, Suite 200
Richmond, Virginia 23230
(804) 285-7000 office
(804) 285-2849 fax
b.richardson@coateslaw.com
*Counsel for Plaintiff*

Ericka M. Battle, Esquire, (VSB #86459)
COATES & DAVENPORT, P.C.
5206 Markel Road, Suite 200
Richmond, Virginia 23230
(804) 285-7000
(804) 285-2849 fax
e.battle@coateslaw.com
*Co-counsel for Plaintiff*

02/13/2023 15:25 540-967-2705 LOUISA CIRCUIT COURT PAGE 01/02
Case 23-03019-KRH  Doc 1  Filed 03/29/23  Entered 03/29/23 11:21:20  Desc Main
Document  Page 13 of 16

**Exhibit B**

VIRGINIA:

IN THE CIRCUIT COURT OF THE COUNTY OF LOUISA

KAREN ANEIRO and
ROBERT HALE,

       Plaintiffs,

v.             Case No. CL16000048-00

GREG PEAK, et al.

       Defendants.

## ORDER

This matter came before the Court on December 19, 2016, on Defendant's Motion for Extension of Time to File Answer and Counterclaim. Having considered the facts and arguments of the parties, the Court finds that Defendants have not established good cause as defined by the Supreme Court of Virginia and Virginia Code for an extension of time to file responsive pleadings. Therefore, Defendants' Motion is DENIED.

Consequently, Defendants are in default and Plaintiffs' Motion for Default Judgment is GRANTED.

The Court further finds that the damages claimed in Count One of Plaintiffs' Complaint are Liquidated in Nature and Enters Judgment in the amount of $33,320.33 against Defendants, jointly and severally on Count One.

The Court sets February 3, 2017 at 1:30 p.m., for consideration of Plaintiffs' Damages related to Count Two of their Complaint, including the imposition of Punitive Damages.

The Clerk is directed to mail a certified copy of this ORDER to counsel listed below.

ENTERED: 2/3/17

_____
JUDGE

We ask for this:

_____
Bruin S. Richardson, III, Esquire, VSB #30206
Ericka M. Battle, Esquire, VSB #86459
COATES & DAVENPORT, P.C.
5206 Markel Road, Suite 200
Richmond, VA 23230
(804) 285-7000
(804) 285-2849 Fax
b.richardson@coateslaw.com
*Counsel for Plaintiffs*

Seen and _OBJECTION TO_.

_____
Keith Waldrop, Esquire, VSB # 21693
2987 River Road West
P.O. Box 268
Goochland, VA 23063
*Counsel for Defendants*

VIRGINIA:

IN THE CIRCUIT COURT OF THE COUNTY OF LOUISA

KAREN ANEIRO and
ROBERT HALE,

                Plaintiffs,

v.                                                        Case No. CL16000048-00

GREG PEAK, *et al.*

                Defendants.

### ORDER

This matter came before the Court on February 3, 2017 to hear evidence on the actual and punitive damages to be awarded pursuant to Count II of Plaintiff's Complaint for Conversion. Having considered the facts, heard the testimony of the parties, made findings as to the parties' credibility and hearing the arguments of counsel, the Court finds that the Plaintiffs are entitled to a JUDGMENT pursuant to Count II in the amount of $6,500 in actual damages and $10,000 in punitive damages jointly and severally against the several Defendants.

Consequently, and in accord with the Court's previous Order dated February 3, 2017, the Court enters FINAL JUDGMENT in the amount of $39,820.33 in compensatory and $10,000 in punitive damages in favor of the Plaintiffs and against the Defendants jointly and severally.

The Clerk is directed to mail a certified copy of this ORDER to counsel listed below and to remove this case from the Docket.

```
Doc ID:    003342140002 Type: AJ
Recorded:  02/22/2017 at 03:08:39 PM
Receipt#:  2017-00001130
Fee Amt:   $0.00 Page 1 of 2
Instr#     201700001558
Patty C. Madison, Louisa Clerk of Cou
Patty C. Madison Clerk of Court
File#
BK 46    PG 102-103
```

Page 1 of 2

ENTERED: 2/21/17

_____
JUDGE

We ask for this:

_____
Bruin S. Richardson, III, Esquire, VSB #30206
Ericka M. Battle, Esquire, VSB #86459
COATES & DAVENPORT, P.C.
5206 Markel Road, Suite 200
Richmond, VA 23230
(804) 285-7000
(804) 285-2849 Fax
b.richardson@coateslaw.com
*Counsel for Plaintiffs*

A COPY TESTE.
Patty C. Madison CLERK
LOUISA COUNTY

RECORDED IN CLERK'S OFFICE OF
LOUISA COUNTY CLERK OF COURTS ON
FEBRUARY 22, 2017 at 3:08:39 PM
AS REQUIRED BY VA CODE §58.1-802
STATE: $0.00   LOCAL: $0.00
PATTY C. MADISON, LOUISA CLERK OF COURT
PATTY C. MADISON CLERK OF COURT

Seen and  OBJECTED TO  :

_____
Keith Waldrop, Esquire, VSB # 21693
2987 River Road West
P.O. Box 268
Goochland, VA 23063
*Counsel for Defendants*

Page 2 of 2